IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| DARRELL DERONE THOMAS, | ) | |
| Movant, | ) | |
| vs. | ) | No. 3:18-CV-2051-L |
| | ) | No. 3:16-CR-279-L (11) |
| UNITED STATES OF AMERICA, | ) | |
| Respondent. | ) | Referred to Magistrate Judge[1] |

### FINDINGS, CONCLUSIONS AND RECOMMENDATION

In this habeas action seeking to vacate his federal criminal conviction and sentence on grounds of ineffective assistance of counsel, the movant again seeks a default judgment or summary judgment because the respondent allegedly failed to time file a response to his motion to vacate. Based on the relevant filings and applicable law, *Petitioner [sic] Motion in Response to Government's Motion for Extension of Time,* received November 14, 2018 (doc. 13), should be **DENIED**.

Rule 55 of the Federal Rules of Civil Procedure sets forth the conditions under which default may be entered against a party, as well as the procedure for seeking the entry of default judgment. There is a three-step process for securing a default judgment. *See N.Y. Life Ins. Co. v. Brown*, 84 F.3d 137, 141 (5th Cir. 1996). First a default occurs when a party "has failed to plead or otherwise defend" against an action. Fed. R. Civ. P. 55(a).[2] Next, an entry of default must be entered by the clerk when the default is established "by affidavit or otherwise". *See id.*; *N.Y. Life Ins.*, 84 F.3d at

---

[1] By *Special Order 3-251*, this habeas case has been automatically referred for findings, conclusions, and recommendation.

[2] Rule 55(a) was amended in 2007 to delete a qualification that previously allowed entry of default only when a party failed to "defend as provided by these rules." *See* Fed. R. Civ. P. 55 advisory committee notes (2007 am.). The deletion was intended to reflect the actual meaning of the rule, which had been interpreted by federal courts as requiring only that a party "defend" against a judgment to defeat a request for entry of default. *See id.* Prior to the amendment, courts regularly rejected the implication that every defense had to be in strict compliance with the rules. *Id.*

141.  Third, a party may apply to the clerk or the court for a default judgment after an entry of default.  Fed. R. Civ. P. 55(b); *N.Y. Life Ins.*, 84 F.3d at 141.

Here, the United States Attorney's Office was served electronically on August 8, 2018, and ordered to file an answer to the petitioner's habeas petition within sixty days.  (*See* doc. 5.)  On October 9, 2018, the respondent filed a motion requesting a thirty-day extension of the deadline to file a response.  (*See* doc. 7.)  On October 9, 2018, the Court issued an order granting the respondent's motion and extending the deadline to file a response until November 8, 2018. (*See* doc. 8.)  On November 7, 2018, the respondent again moved for an extension of time to respond, until December 10, 2018, and the motion was granted.  (*See* docs. 11, 12.)  The respondent has therefore not failed to timely plead or otherwise defend this action.

Moreover, a default judgment may not be entered against the United States and its officers and agencies unless the movant "establishes a claim or right to relief by evidence that satisfies the court."  Fed. R. Civ. P. 55(d).  The movant's motion does not meet this burden.  Finally, "a party is not entitled to a default judgment as a matter of right, even where the defendant is technically in default."  *Lewis v. Lynn*, 236 F.3d 766, 767 (5th Cir. 2001) (quoting *Ganther v. Ingle*, 75 F.3d 207, 212 (5th Cir. 1996)).  "In fact, '[d]efault judgments are a drastic remedy, not favored by the Federal Rules and resorted to by courts only in extreme situations.'" *Lewis*, 236 F.3d at 767 (quoting *Sun Bank*, 874 F.2d at 276).

The motion for default judgment should be **DENIED**.

**SO RECOMMENDED on this 16th day of November, 2018.**

_____
IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE

## INSTRUCTIONS FOR SERVICE AND
## NOTICE OF RIGHT TO APPEAL/OBJECT

A copy of these findings, conclusions and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

_____
IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE