IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| DARRELL DERONE THOMAS,  )<br>    ID # 55775-177,             )<br>        Movant,                       )<br>                                             )   No. 3:18-CV-2051-L-BH<br>vs.                                       )   No. 3:16-CR-279-L(11)<br>                                             )<br>UNITED STATES OF AMERICA, )<br>        Respondent.                 )   Referred to U.S. Magistrate Judge[1] | |

### FINDINGS, CONCLUSIONS, AND RECOMMENDATION

Before the Court is the movant's *Motion Under 28 U.S.C. Section 2255, to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody*, received on August 7, 2018 (doc. 2). Based on the relevant filings and applicable law, the motion should be **DENIED** with prejudice.

### I.   BACKGROUND

Darrell Derone Thomas (Movant) challenges his federal conviction and sentence in Cause No. 3:16-CR-279-L(11). The respondent is the United States of America (Government).

**A.   Conviction and Sentencing**

After initially being charged with several others by indictment, Movant was charged by superseding information with one count of conspiracy to possess with intent to distribute marijuana in violation of 21 U.S.C. § 846 (Count One). (*See* docs. 137, 301.)[2] He pled guilty to Count One of the superseding information on August 29, 2017, under a plea agreement. (*See* docs. 304, 318.)

In his plea agreement, Movant stated that he understood and waived his rights to plead not guilty, to have a trial by jury, to have his guilt proven beyond a reasonable doubt, to confront and

---

[1] By *Special Order No. 3-251*, this habeas case has been automatically referred for findings, conclusions, and recommendation.

[2] Unless otherwise indicated, all document numbers refer to the docket number assigned in the underlying criminal action, No. 3:16-CR-279-L(11).

cross-examine witnesses, to call witnesses, and to not be compelled to incriminate himself. (*See* doc. 304 at 1.)[3] He agreed that he understood the nature and elements of the crime to which he was pleading guilty. (*See id.*) The plea agreement set out the maximum penalties for the charged offense and stated that Movant had reviewed the federal sentencing guidelines with counsel, that he understood his sentence would be imposed by the Court after consideration of the sentencing guidelines, which were advisory and not binding, and that no one could predict with certainty the outcome of the Court's consideration of the guidelines. (*See id.* at 2-3.) He understood that the Court had sole discretion to impose the sentence. (*See id.* at 3.) The guilty plea was freely and voluntarily made and was not the result of force or threats, or of promises apart from those included in the plea agreement, and there were no guarantees or promises from anyone about what sentence the Court would impose. (*See id.* at 5.) He waived his right to appeal his conviction and sentence and his right to contest his conviction and sentence in a collateral proceeding, except that he reserved the right (a) to bring a direct appeal of a sentence exceeding the statutory maximum punishment or an arithmetic error at sentencing, (b) to challenge the voluntariness of his guilty plea or the appeal waiver, and (c) to bring a claim of ineffective assistance of counsel. (*See id.*) In exchange, the Government agreed not to bring any additional charges against Movant based on the conduct underlying and related to his guilty plea, and to dismiss any remaining charges in the pending indictment after sentencing. (*See id.* at 4.) It also agreed to file a routine supplement to the plea agreement, even though there may or may not be additional terms. (*See id.*) The plea agreement was a complete statement of the parties' agreement and could not be modified except in writing with the signature of both parties. (*See id.* at 6.)

    Movant also agreed in his plea agreement that a factual resume he signed was true and

---

[3] Citations to the record refer to the CM/ECF system page number at the top of each page rather than the page numbers at the bottom of each filing.

correct and would be submitted as evidence. (*See id.* at 2.) In the factual resume, he stipulated that from August 2014 to February 29, 2016, he knowingly and intentionally conspired to possess with the intent to distribute marijuana. (*See* doc. 303 at 2.) He also stipulated that he regularly purchased marijuana from a co-defendant, with the knowledge that the purchases were illegal and with the intent to distribute the marijuana. (*See id.*) He acknowledged that the factual resume was not intended to be a complete accounting of all the facts related to the charged offense. (*See id.*)

At his re-arraignment on August 29, 2017, Movant acknowledged under oath that he had read the factual resume and discussed it with counsel, that he knew and understood everything stated in the factual resume, and that the facts set out in it were true. (*See* doc. 435 at 23-24.) He also acknowledged that he understood the rights he was giving up by pleading guilty, and that he was waiving his right to appeal except in the limited circumstances reserved in the plea agreement. (*See id.* at 18-19.) He affirmed that he had discussed with his attorney how the sentencing guidelines might apply in his case; he understood that it was the Court's obligation to calculate the applicable sentencing guidelines, and that it was not bound by facts stipulated by the parties and could disregard stipulated facts or take into account non-stipulated facts when imposing punishment. (*Id.* at 8-9.) He acknowledged that other than the plea agreement and the plea agreement supplement, no promise or assurance of any kind had been made to him to induce him to plead guilty. (*Id.* at 19-20.) He acknowledged that by pleading guilty, he was subjecting himself to a maximum period of imprisonment of five years. (*See id.* at 20-21.) He pled guilty, and the Court found that his guilty plea was knowing and voluntary. (*See id.* at 22, 24.)

On November 15, 2017, the United States Probation Office prepared a Presentence Investigation Report (PSR). (*See* doc. 346-1.) The USPO obtained information relating to the background of, and Movant's role in, the charged offense from the indictment, factual resume,

investigative reports prepared by Federal Bureau of Investigation (FBI) agents, and an interview with two FBI agents. (*See id.* at ¶ 11.) Based on this information, the PSR noted that a cooperating defendant (CD) who was deemed credible and reliable by the FBI had stated that Movant was a marijuana customer and had supplied CD with 2-4 kilograms of cocaine and 800-1,000 pounds of marijuana. (*See id.* at ¶¶ 16, 22.) The CD also mentioned that Movant had sold him a shotgun, which CD then sold to a confidential human source and undercover agent. (*See id.* at ¶ 16.) Because Movant's statements to the FBI after his arrest corroborated CD's statement regarding the shotgun, and because CD was deemed credible and reliable by FBI, the PSR held Movant accountable for the lesser amount of 2 kilograms of cocaine and 800 pounds of marijuana to which CD attested. (*See id.* at ¶ 22.)

The PSR applied the 2016 United States Sentencing Guidelines Manual; under the applicable drug quantity table under U.S.S.G. § 2D1.1(c)(6),[4] it calculated a base offense level of 28. (*See id.* at ¶¶ 29, 30.) Two levels were added based on Movant's possession of a dangerous weapon, i.e., a shotgun, under U.S.S.G. § 2D1.1(b)(1). (*See id.* at ¶ 31.) Three levels were deducted for acceptance of responsibility, resulting in a total offense level of 27. (*See id.* at ¶¶ 37-39.) Based on a criminal history category of II and a total offense level of 27, the resulting guideline range was 78 to 97 months' imprisonment. (*See id.* at ¶ 75.) Because 60 months was the statutory maximum for the offense, it became the guideline sentence. (*See id.*) Movant objected to the PSR on January 12, 2018, challenging the drug quantities attributed to him for cocaine, and opposing any quantities of marijuana attributed to him beyond the 50 pounds to which he admitted in a post-arrest statement to the FBI. (*See* doc. 369.)

On January 19, 2018, the USPO submitted an addendum to the PSR addressing Movant's

---

[4] At the sentencing hearing, the probation officer stated that the cited provision for the applicable drug quantity table identified in the PSR should read U.S.S.G. § 2D1.1(c)(8), not (c)(6). (*See* doc. 461 at 61.)

4

objection to the drug quantities; it found that no changes to the drug quantities were warranted, but corrected a transposed number in ledger amounts for drug proceeds that were attributed to Movant. (*See* doc. 370-1.) On February 15, 2018, the Government filed a notice regarding drug weight, stating that it had agreed not to hold Movant accountable for the cocaine amounts in the PSR, and that the PSR should reflect that Movant was responsible only for 800 pounds of marijuana, resulting in a reduced guidelines range. (*See* doc. 379.)

The USPO submitted a second addendum to the PSR on February 22, 2018, in which it addressed Movant's original objection to the drug quantities and the Government's notice. (*See* doc. 382-1.) After further discussion with an FBI agent, the USPO accepted the Government's notice and Movant's objection that he should not be held accountable for any cocaine quantities; it maintained that Movant was accountable for 800 pounds of marijuana. (*See id.* at 1.) Based on this change, the second addendum calculated a new base offense level of 24 and a new total offense level of 23. (*See id.* at ¶¶ 30, 39.) Based on a criminal history category of II and an offense level of 23, the new resulting guideline range was 51 to 63 months' imprisonment. (*See id.* at ¶ 75.) Because 60 months was the statutory maximum for the offense, the guideline sentence became 51 to 60 months' imprisonment. (*See id.*)

At the sentencing hearing on April 7, 2018, Movant acknowledged that the objection to being held accountable for any amount of cocaine was moot following the second addendum to the PSR. (*See* doc. 461 at 5.) The Court then heard testimony and arguments on his objection to the quantity of marijuana for which he was held accountable and overruled it. (*See* doc. 461 at 55-58.) By judgment dated March 8, 2018, Movant was sentenced to 51 months' imprisonment on Count One, to be followed by a two-year term of supervised release. (*See* doc. 387 at 1-3.) He was also ordered to pay a $100 assessment. (*See id.* at 6.) Movant did not appeal his conviction

or sentence.

**B.     Substantive Claims**

Movant states the following grounds for relief:

(1) My Appointed counsel was constitutionally ineffective Assistance of Counsel for failing to properly challenge the drug quanitys [sic] being used against me "Denial of effective assistance of counsel" Counsel Failed to give Notice of Appeal as if Appeal wasn't a good idea After Requested to do so.

(2) Counsel failed to object/Intervene when certain questions were ask [sic] about statements and comments in F.B.I. Interview. "Conviction obtained by use of evidence obtained pursuant to an unlawful arrest."

(3) Counsel Advised [Movant] to not request Appeal-as if it was a great deal. "Denial of right to appeal"

(No. 3:18-CV-2051-L-BH, doc. 2 at 7.)  On December 7, 2018, the Government filed a response. (*See id.*, doc. 15.)  Movant filed a reply on January 8, 2019.  (*See id.*, doc. 16.)

## II.     SCOPE OF RELIEF UNDER § 2255

"Relief under 28 U.S.C. § 2255 is reserved for transgressions of constitutional rights and for a narrow range of injuries that could not have been raised on direct appeal and would, if condoned, result in a complete miscarriage of justice." *United States v. Gaudet*, 81 F.3d 585, 589 (5th Cir. 1996) (citations and internal quotation marks omitted). It is well-established that "a collateral challenge may not do service for an appeal." *United States v. Shaid*, 937 F.2d 228, 231 (5th Cir. 1991) (en banc) (quoting *United States v. Frady*, 456 U.S. 152, 165 (1982)).

A failure to raise a claim on direct appeal may procedurally bar an individual from raising the claim on collateral review. *United States v. Willis*, 273 F.3d 592, 595 (5th Cir. 2001). Defendants may only collaterally attack their convictions on grounds of error omitted from their direct appeals upon showing "cause" for the omission and "actual prejudice" resulting from the error. *Shaid*, 937 F.2d at 232. However, "there is no procedural default for failure to raise an

ineffective-assistance claim on direct appeal" because "requiring a criminal defendant to bring [such] claims on direct appeal does not promote the[ ] objectives" of the procedural default doctrine "to conserve judicial resources and to respect the law's important interest in the finality of judgments." *Massaro v. United States*, 538 U.S. 500, 503-04 (2003). The Government may also waive the procedural bar defense. *Willis*, 273 F.3d at 597.

### III. INEFFECTIVE ASSISTANCE OF COUNSEL

The Sixth Amendment to the United States Constitution provides, in relevant part, that "[i]n all criminal prosecutions, the accused shall enjoy the right . . . to have the Assistance of Counsel for his defense." U.S. CONST. amend. VI. It guarantees a criminal defendant the effective assistance of counsel, both at trial and on appeal. *Strickland v. Washington*, 466 U.S. 668, 686 (1984); *Evitts v. Lucey*, 469 U.S. 387, 396 (1985). To successfully state a claim of ineffective assistance of counsel, the movant must demonstrate that counsel's performance was deficient and that the deficient performance prejudiced his defense. *Strickland*, 466 U.S. at 687. A failure to establish either prong of the *Strickland* test requires a finding that counsel's performance was constitutionally effective. *Id.* at 697. The Court may address the prongs in any order. *Smith v. Robbins*, 528 U.S. 259, 286 n.14 (2000).

In determining whether counsel's performance is deficient, courts "indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." *Strickland*, 466 U.S. at 689. "The reasonableness of counsel's actions may be determined or substantially influenced by the defendant's own statements or actions." *Id.* at 691. To establish prejudice, a movant must show that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Id.* at

7

694; *see Williams v. Taylor*, 529 U.S. 362, 393 n.17 (2000) (recognizing that the inquiry focuses on "whether counsel's deficient performance renders the result of the trial unreliable or the proceeding fundamentally unfair."). Reviewing courts must consider the totality of the evidence before the finder of fact in assessing whether the result would likely have been different absent counsel's alleged errors. *Strickland*, 466 U.S. at 695-96.

### A.     Failure to Properly Challenge Drug Quantity

Movant first argues that counsel was ineffective for failing "to properly challenge the drug quanitys [sic] being used against [Movant]." (No. 3:18-CV-2051-L-BH, doc. 2 at 7.)

Here, in response to the PSR, counsel expressly objected to "any drug quantities attempting to link [Movant] to cocaine," as well as to "any further amounts of marijuana being attributed in excess of what [Movant] openly and honestly admitted to the agents during his June 6, 2017, post-arrest statement – 50 pounds of marijuana." (doc. 369 at 1, 5.) The USPO submitted two addenda to the PSR addressing counsel's objection to the drug quantities attributed to Movant. (*See* docs. 370-1, 382-1.) After the PSR was changed to remove the cocaine drug quantity attributed to Movant, counsel pursued the objection on the marijuana quantity through cross-examination and argument at the sentencing hearing, although it was ultimately overruled. (*See* doc. 461 at 5, 17-36, 40-54, 58.) That counsel's objection on the marijuana quantity was overruled does not render counsel ineffective. *See, e.g.*, *Youngblood v. Maggio*, 696 F.2d 407, 410 (5th Cir. 1983) ("The fact that trial counsel was unsuccessful in his efforts does not constitute, in light of the entire record, a basis for habeas relief.")

Additionally, Movant has alleged neither how his counsel failed to "properly challenge" the drug quantities attributed to him, or how he was prejudiced by any such failure. Accordingly, he is not entitled to relief on this conclusory claim, and it should be denied. *See Miller v. Johnson*,

200 F.3d 274, 282 (5th Cir. 2000) (holding that "conclusory allegations of ineffective assistance of counsel do not raise a constitutional issue in a federal habeas proceeding.").

B.     **Notice of Appeal**

In his first ground, Movant also argues that his counsel rendered ineffective assistance because he "[f]ailed to give Notice of Appeal as if Appeal wasn't a good idea After Requested to do so." (No. 18-CV-2051-L-BH, doc. 2 at 7; *see also id.*, doc. 16 at 1-3.)

"There is no constitutional right to appeal a criminal sentence." *United States v. Burns*, 433 F.3d 442, 445 (5th Cir. 2005) (citing *Jones v. Barnes*, 463 U.S. 745 (1983)). Counsel "is not burdened by any general duty to perfect an appeal of every criminal conviction." *White v. Johnson*, 180 F.3d 648, 652 (5th Cir. 1999). Counsel's failure to pursue an appeal can amount to ineffective assistance under *Strickland*, however. *See United States v. Pham*, 722 F.3d 320, 323 (5th Cir. 2013) (citing *Roe v. Flores-Ortega*, 528 U.S. 470, 476-77 (2000)). "[A] lawyer who disregards specific instructions from the defendant to file a notice of appeal acts in a manner that is professionally unreasonable." *Flores-Ortega*, 528 U.S. at 477; *see also Garza v. Idaho*, 139 S.Ct. 738, 746 (2019) ("Where . . . a defendant has expressly requested an appeal, counsel performs deficiently by disregarding the defendant's instructions."). If a movant proves, by a preponderance of the evidence, that he directed his attorney to file an appeal and it was not filed, prejudice is presumed regardless of the merits and regardless of any appeal waiver. *United States v. Tapp*, 491 F.3d 263, 266 (5th Cir. 2007). When a movant is denied the opportunity to appeal due to ineffective assistance of counsel, he is entitled to an out-of-time appeal. *United States v. West*, 240 F.3d 456, 459 (5th Cir. 2001).

Here, Movant alleges that he told counsel to file a notice of appeal, and his counsel failed to do so. (*See* No. 18-CV-2051-L-BH, doc. 2 at 7; doc. 16 at 1-3.) He also states he "reasonably

demonstrated to counsel that he was interested in appealing." (*Id.*, doc. 16 at 3.) He does not provide any factual information in his § 2255 motion or reply, however, such as when he told counsel to file a notice of appeal in order to demonstrate that a resulting notice of appeal would have been timely, where or how he instructed counsel to file a notice of appeal, or who else may have been present; nor does he identify any corroborating evidence to support his claim. His claim is therefore conclusory. *See, e.g., Herrera-Alvarez v. United States*, Nos. M-12-140, M-08-1751-10, 2015 WL 13227805, at *2-3 (S.D. Tex. Aug 10, 2015) (stating that "[a]n allegation, such as Movant's, that states nothing more than 'I told counsel to file an appeal, but counsel failed to do so' or language similar to that, standing alone, is conclusory," and concluding no evidentiary hearing was warranted), *rec. adopted* 2015 WL 13217056 (S.D. Tex. Oct. 20, 2015); *Ramos v. United States*, Nos. SA-14-CA-296-1-XR, SA-11-CR-836-1-XR, 2014 WL 4784236, at *10-11 (W.D. Tex. July 29, 2014) (finding the defendant's assertion that "he told his attorney he wanted to file a notice of direct appeal," without providing further information, was conclusory), *rec. adopted* 2014 WL 4783026 (W.D. Tex. Sept. 24, 2014).

"Absent evidence in the record, a court cannot consider a habeas petitioner's bald assertions on a critical issue in his *pro se* petition . . . unsupported and unsupportable by anything else contained in the record, to be of probative evidentiary value." *Ross v. Estelle*, 694 F.2d 1008, 1011 (5th Cir. 1983); *see also Koch v. Puckett*, 907 F.2d 524, 530 (5th Cir. 1990) ("Although *pro se* habeas petitions must be construed liberally, 'mere conclusory allegations on a critical issue are insufficient to raise a constitutional issue.'"). Because Movant's allegations are conclusory, he is not entitled to § 2255 relief on this claim and it should be denied.

### C.    Failure to Object or Intervene

In his second ground, Movant argues his counsel was ineffective because he "failed to

object/Intervene when certain questions were ask[ed] about statements and comments in F.B.I. Interview." (No. 3:18-CV-2051-L-BH, doc. 2 at 7.) He appears to argue that during an interview with the FBI, "there was never a mention of marijuana until [Movant] himself did a self admission about marijuana." (*Id.*) He claims that counsel "failed to mention or let judge know of the self admission and inform him that Agents never even mentioned [sic]." (*Id.*)

The PSR states that Movant was interviewed by the FBI on June 6, 2017, after signing a waiver of his rights and statement that he was willing to speak with investigators. (*See* doc. 346-1 at ¶ 19.) During the interview, Movant admitted that a co-defendant "bought 'sacks of weed (marijuana)' from [Movant] and his associates[,]" and fronted marijuana to Movant. (*Id.*) He also admitted to receiving approximately 50 pounds of marijuana from the co-defendant, and trading a shotgun to the same co-defendant for marijuana or to pay for marijuana. (*See id.*) The PSR also acknowledged Movant's admissions in his factual resume that he regularly purchased marijuana from the co-defendant, knowing that the purchases were illegal and with the intent to distribute the marijuana. (*See id.* at ¶ 20.) Based on his acceptance of responsibility, Movant's offense level was reduced by three levels. (*See* doc. 346-1 at ¶¶ 37-38.) The Court received and considered the PSR before sentencing Movant. (*See* doc. 461 at 3-4, 72-73.)

Movant has failed to allege how counsel's failure to mention or notify theCourt that Movant initiated the discussion with the FBI about his involvement in marijuana possession and distribution. The record plainly shows that he informed the FBI during his June 6, 2017 interview about selling and purchasing marijuana from a co-defendant, that he subsequently admitted to conspiring to possess with the intent to distribute a detectable amount of marijuana, and that his offense level was reduced by three levels for acceptance of responsibility. (*See* doc. 346-1 at ¶¶ 19, 37-38.) This information was expressly available to and considered by the Court prior to

sentencing. (*See* doc. 461 at 3-4, 71-73.) Counsel's performance "cannot be deficient for failing to press a frivolous point." *Sones v. Hargett*, 61 F.3d 410, 415 n.5 (5th Cir. 1995).

Even if counsel's performance had been deficient, Movant has not shown prejudice. To the extent Movant alleges that counsel's deficiency occurred during sentencing, he must demonstrate that the alleged deficiency of counsel created a reasonable probability that his sentence would have been less harsh in order to satisfy the prejudice prong of *Strickland*. *See Glover v. United States*, 531 U.S. 198, 200 (2001) (holding "that if an increased prison term did flow from an error [of counsel] the petitioner has established *Strickland* prejudice."). Movant has not made this showing. He is therefore not entitled to relief on this claim, and it should be denied.[5]

### D.    Advice About Appeal

In his third ground, Movant argues that counsel was ineffective because he advised Movant not to request an appeal after sentencing. (*See* No. 3:18-CV-2051-L-BH, doc. 2 at 7.) He claims that "After Sentencing Arguments-Counsel simply said there would be no appeal." (*Id.*, doc. 2 at 7.) In his reply, he claims that "[c]ounsel's mistake in advising [Movant] that no appeal could be made" constituted ineffective assistance. (*Id.*, doc. 16 at 3.)

There is no constitutional requirement that counsel consult with the defendant about an appeal in every case. *Flores-Ortega*, 528 U.S. at 479-80. "'Consulting' is a term of art that means advising the defendant about the advantages and disadvantages of taking an appeal, and making a reasonable effort to discover the defendant's wishes." *Pham*, 722 F.3d at 323 (citation and internal

---

[5] In his second ground, Movant also appears to argue that his "'[c]onviction [was] obtained by use of evidence obtained pursuant to an unlawful arrest.'" (No. 3:18-CV-2051-L-BH, doc. 2 at 7.) To the extent the statement can be liberally construed as an independent basis for relief, Movant's voluntary guilty plea waived such a claim. *See United States v. Glinsey*, 209 F.3d 386, 392 (5th Cir. 2000) (holding that a voluntary guilty plea waives all non-jurisdictional defects). Movant also has not shown "cause" for failing to raise this claim in a direct appeal and "actual prejudice" resulting from the error. *Shaid*, 937 F.2d at 232; *see also Willis*, 273 F.3d at 595. Even if his claim had not been waived and was not procedurally barred, it fails because Movant has not alleged any grounds on which his arrest was unlawful, and he has not identified any evidence obtained pursuant to the alleged unlawful arrest. He is not entitled to § 2255 relief on this claim, if asserted, and it should be denied.

quotation marks omitted). A constitutionally-imposed duty arises when there is reason to think that a rational defendant would want to appeal, such as when there are nonfrivolous grounds for appeal, or when the defendant has reasonably demonstrated to counsel that he is interested in appealing. *Flores-Ortega*, 528 U.S. at 480. "[C]ourts must judge the reasonableness of counsel's challenged conduct on the facts of the particular case, viewed as of the time of counsel's conduct." *Id.* at 477 (citation and internal quotation marks omitted).

If counsel breaches a constitutionally-imposed duty to consult about an appeal, a movant must satisfy the prejudice prong by demonstrating that "there is a reasonable probability that, but for counsel's deficient failure to consult with him about an appeal, he would have timely appealed." *Id.* at 484. In determining whether a movant would have timely appealed absent counsel's failure to consult, "evidence that there were nonfrivolous grounds for appeal or that the defendant in question promptly expressed a desire to appeal will often be highly relevant." *Id.* This standard applies regardless of whether "his hypothetical appeal might have had merit," or whether he "has waived his right to direct appeal and collateral review." *United States v. Bejarano*, 751 F.3d 280, 285 (5th Cir. 2014) (citations and internal quotation marks omitted).

Movant alleges that: (1) counsel "advised [him] not to do appeal after sentencing"; (2) counsel "Advised [him] to not request Appeal–as if it was a great deal"; (3) "After Sentencing Arguments–Counsel simply said there would be no appeal"; (4) counsel was mistaken "in advising [Movant] that no appeal could be made"; and (5) Movant "reasonably demonstrated to counsel that he was interested in appealing." (No. 3:18-CV-2051-L-BH, doc. 2 at 7; doc. 16 at 3.) Assuming for purposes of this motion only that counsel rendered deficient performance as alleged by Movant, deficient performance alone is insufficient to establish relief under § 2255. Movant must also show prejudice. Although the "performance and prejudice prongs [of a failure to consult

13

claim] may overlap, they are not in all cases coextensive." *Flores-Ortega*, 528 U.S. at 486.

Here, Movant has failed to demonstrate prejudice. He neither provides nor identifies any evidence that he would have filed a timely appeal. He instead makes only unsworn, conclusory statements in his reply that "but for counsel's deficient failure to consult with [Movant] about the appeal, [Movant] would have filed his own timely appeal," that he "reasonably demonstrated to counsel that he was interested in appealing," and that "he would have appealed but for counsel's refusal." (No. 3:18-CV-2051-L-BH, doc. 16 at 1, 3.) These conclusory statements are unsupported by the record, which shows that almost two months after sentencing, Movant requested and received an extension of his deadline to self-surrender to begin serving his sentence because of the upcoming birth of his child, but made no request or mention of any intent or desire to appeal. (*See* docs. 406, 407.) He also waited five months after sentencing to file his § 2255 motion, and ten months after sentencing to first mention that he would have filed an appeal but for counsel's failure to consult. (*See* No. 3:18-CV-2051-L-BH, docs. 2, 16); *see Flores-Ortega*, 528 U.S. at 485 (stating that "promptly express[ing] a desire to appeal will often be highly relevant" in determining prejudice); *Bejarano*, 751 F.3d at 287 (noting that post-sentencing actions, including waiting nearly one year after sentencing before raising § 2255 claim "indicate [the defendant] was unlikely to have" filed a timely appeal). Further, although Movant need not demonstrate that his appeal might have had merit, he also has not suggested any non-frivolous ground on appeal that he would have pursued. *See Bejarano*, 751 F.3d at 285 (recognizing that the existence of non-frivolous grounds for appeal is often highly relevant in assessing prejudice).

Because Movant has failed to provide anything other than "bald assertions on a critical issue . . . unsupported and unsupportable by anything else contained in the record," his conclusory allegations are of no probative evidentiary value. *Ross*, 694 F.2d at 1011; *see also Koch*, 907 F.2d

at 530. He therefore has failed to demonstrate "a reasonable probability that, but for counsel's deficient failure to consult with him about an appeal, he would have timely appealed," and his claim should be denied. *Flores-Ortega*, 528 U.S. at 484.

## IV.   EVIDENTIARY HEARING

Movant has not requested an evidentiary hearing in this case. Additionally, no evidentiary hearing is required when "the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief." 28 U.S.C. § 2255(b). A movant "is entitled to an evidentiary hearing on his § 2255 motion only if he presents 'independent indicia of the likely merit of [his] allegations.'" *United States v. Reed*, 719 F.3d 369, 373 (5th Cir. 2013) (citation omitted); *see United States v. Cervantes,* 132 F.3d 1106, 1110 (noting that "[i]f the defendant produces independent indicia of the likely merit of her allegations, typically in the form of one or more affidavits from reliable third parties, she is entitled to an evidentiary hearing on the issue.").

Here, Movant has failed to demonstrate the existence of a factual dispute that creates a genuine issue. He also has failed to come forward with independent indicia in support of the likely merit of his claims. *See Reed*, 719 F.3d at 373. He has therefore failed to demonstrate he is entitled to an evidentiary hearing on any of his claims.

## V.   RECOMMENDATION

The *Motion Under 28 U.S.C. Section 2255, to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody*, received on August 7, 2018 (doc. 2), should be **DENIED** with prejudice.

**SIGNED this 1st day of June, 2021.**

*[Signature]*
IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE

## INSTRUCTIONS FOR SERVICE AND NOTICE OF RIGHT TO APPEAL/OBJECT

A copy of these findings, conclusions, and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions, and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions, and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

*[Signature]*
IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE